Tavare Harris
Plaintiff, Pro Se
c/o 2460 17th Ave. #1135
Santa Cruz, CA 95062
(831) 419-7319
HTavare@yahoo.com

FILED CH
SEP 25 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TAVARE HARRIS,
Plaintiff,

v.

CITY OF WATSONVILLE, a municipal entity; VICTOR ZEPEDA, individually; NELSON HERNANDEZ, individually ; and EVAN UMSTEAD, individually

Defendants.

Case No. C 26 10934 NC

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF FOR CONSTITUTIONAL AND CIVIL RIGHTS VIOLATIONS**

**[42 U.S.C. § 1983; Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12132]**

**DEMAND FOR JURY TRIAL**

## I. INTRODUCTION AND NATURE OF THE ACTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12132, arising from a law-enforcement encounter involving alleged unreasonable searches and seizures, excessive force, and failure to reasonably accommodate Plaintiff's known

disability.

2. Plaintiff seeks compensatory damages for physical and psychological injuries allegedly resulting from Defendants' conduct during the March 31, 2026 encounter.

3. Plaintiff alleges that individual Defendants used objectively unreasonable force, conducted searches and seizures exceeding lawful constitutional boundaries, and failed to reasonably account for Plaintiff's disclosed disability during the encounter.

**II. JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3)-(4) (civil rights jurisdiction), as this action is brought to redress the deprivation of rights secured by the United States Constitution and federal statutes.

**5. Divisional Assignment and Venue.** This action arises in Santa Cruz County, California. Assignment to the San Jose Division is therefore proper pursuant to Civil Local Rule 3-2(e). Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Santa Cruz County, California.

6. The acts and omissions giving rise to this action occurred within the Northern District of California and were committed by Defendants while acting within the course and scope of their duties for the City of Watsonville.

**IV. PARTIES**

7. Plaintiff TAVARE HARRIS is an individual residing in the County of Santa Cruz, California, and is a qualified individual with a medical disability (Post-Traumatic Stress Disorder) under Title II of the Americans with Disabilities Act.

8. Defendant CITY OF WATSONVILLE is a municipal entity organized under the laws of the State of California, operating and managing the Watsonville Police Department as a program and service provider.

9. Defendants VICTOR ZEPEDA ("Zepeda"), NELSON HERNANDEZ ("Hernandez"), and EVAN UMSTEAD ("Umstead") were at all relevant times peace officers employed by the Watsonville Police Department and acting under color of state law. They are sued in their individual capacities.

**V. FACTUAL ALLEGATIONS**

10. On March 31, 2026, Defendants Zepeda, Hernandez, and Umstead encountered and detained Plaintiff in Watsonville, California in connection with an alleged traffic infraction. Plaintiff disputes material aspects of the asserted basis, initiation, scope, duration, and manner of the detention. Nothing alleged herein is intended to waive Plaintiff's defenses or claims concerning the underlying traffic proceeding.

11. During the encounter, Plaintiff expressly informed Defendants that he suffered from severe PTSD and communicated that he was experiencing difficulty as a result of that condition. Defendants therefore had actual notice of Plaintiff's disability before employing the physical force alleged herein.

12. Plaintiff was stationary, unarmed, posed no immediate threat, was not attempting to flee, and alleges that he was not actively resisting the officers when Defendants escalated the encounter to physical force.

13. Defendants Zepeda, Hernandez, and Umstead participated in forcibly removing Plaintiff from the vehicle, physically restraining him, and placing him in handcuffs. Plaintiff alleges that the force employed was unnecessary and objectively unreasonable under the circumstances.

14. During the encounter Plaintiff communicated an existing physical vulnerability/injury and pain associated with the officers' actions. The physical restraint nevertheless continued.

15. Defendants thereafter searched Plaintiff's person, including removing his wallet, and searched areas and/or property within Plaintiff's vehicle. Plaintiff did not consent to those searches and alleges that they were conducted without a warrant or other lawful justification.

16. Plaintiff sought emergency medical treatment immediately following the encounter and thereafter underwent continuing medical evaluation and treatment for neck, shoulder and related symptoms. Subsequent diagnostic evaluation documented cervical abnormalities including disc protrusions at C5-6 and C6-7.

17. Despite actual notice of Plaintiff's PTSD, Defendants failed to reasonably modify their communication and enforcement methods before escalating the encounter. Plaintiff alleges that reasonable modifications were available under the circumstances and that the failure to provide them caused additional injury.

18. Plaintiff has suffered physical injury, pain, emotional distress, medical expenses and other damages according to proof.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

42 U.S.C. § 1983

Excessive Force – Fourth Amendment

Against Defendants Zepeda, Hernandez, and Umstead

19. Plaintiff incorporates paragraphs 1 through 18 as though fully set forth herein.

20. Defendants, acting under color of state law, intentionally used physical force against Plaintiff during a seizure.

21. Considering the totality of the circumstances, including the nature of the suspected offense, Plaintiff's lack of an immediate threat, his lack of active resistance or flight, his disclosed disability, and the circumstances known to Defendants, the force used against Plaintiff was objectively unreasonable in violation of the Fourth Amendment.

22. Defendants' conduct caused Plaintiff physical and psychological injury.

**SECOND CAUSE OF ACTION**

42 U.S.C. § 1983

Unreasonable Search and Seizure – Fourth Amendment

Against Defendants Zepeda, Hernandez, and Umstead

23. Plaintiff incorporates paragraphs 1 through 18 as though fully set forth herein.

24. Defendants detained and restrained Plaintiff and searched his person and vehicle without his consent.

25. Plaintiff alleges that the challenged searches and seizures exceeded the lawful scope of any traffic detention and were unsupported by a warrant, probable cause, consent, or another applicable exception to the warrant requirement.

26. Defendants thereby deprived Plaintiff of rights secured by the Fourth Amendment.

**THIRD CAUSE OF ACTION**

Title II – Americans with Disabilities Act

42 U.S.C. §§ 12131–12132

Against Defendant City of Watsonville

27. Plaintiff incorporates paragraphs 1 through 18 as though fully set forth herein.

28. Plaintiff is a qualified individual with a disability within the meaning of Title II of the Americans with Disabilities Act.

29. Defendant City of Watsonville is a public entity subject to Title II.

30. During the law-enforcement encounter, Plaintiff expressly informed the City's officers that he suffered from severe PTSD, thereby providing actual notice of his disability and the disability-related difficulty he was experiencing during the encounter.

31. Despite that notice, reasonable modifications to the officers' communication and enforcement methods were available under the circumstances, but were not provided before the encounter was escalated to physical force.

32. As a result of Defendant City of Watsonville's failure to reasonably accommodate Plaintiff's known disability in the provision of its law-enforcement services, Plaintiff suffered additional physical and psychological injury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tavare Harris respectfully requests that judgment be entered in his favor and against Defendants as follows:

A. For compensatory damages according to proof;

B. For special damages, including reasonable and necessary medical expenses, according to proof;

C. For damages for physical injury, pain, emotional distress, and other injuries according to proof;

D. For punitive damages against the individual Defendants in their individual capacities to the extent permitted by law;

E. For reasonable costs of suit and attorney's fees to the extent authorized by law; and

F. For such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 25, 2026

Respectfully submitted,

TAVARE HARRIS
Plaintiff, Pro Se
c/o 2460 17th ave. #1135
Santa Cruz, CA 95062
(831) 419-7319
HTavare@yahoo.com